## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

LORENZO ALVAREZ, individually,
and for others similarly situated,

       Plaintiff,

v.

ELEVATED STEEL, LLC.

       Defendant.

CIVIL ACTION
No. 4:26-CV-00023-WMR

## DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COLLECTIVE ACTION

Defendant, Elevated Steel, LLC, ("Defendant"), through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), hereby files this Motion to Dismiss and/or Strike Plaintiff's Collective Action Complaint.

## INTRODUCTION

Defendant, Elevated Steel, LLC, moves to dismiss and/or strike Plaintiff's Collective Action Complaint under Rules 12(b)(6) and 12(f). Plaintiff alleges an FLSA collective action for unpaid overtime on behalf of a broadly defined group of "Straight Time Workers." The Complaint, however, fails to allege sufficient facts to support either Plaintiff's individual overtime claim or his attempt to proceed on a collective basis.

1

First, Plaintiff attempts to pursue a collective action without filing the written consent required by the FLSA. Second, Plaintiff does not adequately plead an overtime violation. The Complaint does not identify a single workweek in which Plaintiff worked more than forty hours without overtime pay, nor does it estimate the length of his average workweek or rate of pay. Third, the Complaint provides only a vague and conclusory definition of the proposed collective, and offers no meaningful allegations demonstrating that other employees are similarly situated.

Because the Complaint relies on generalized and conclusory allegations, it fails to provide Elevated Steel with fair notice of the claims asserted. Accordingly, the Complaint should be dismissed, or alternatively, the collective allegations should be stricken or narrowed.

## RELEVANT FACTS[1]

Defendant Elevated Steel, LLC, is a company engaged in steel fabrication, welding, and installation services throughout the United States. (Compl. ¶16). Lorenzo Alvarez ("Plaintiff") was hired by Defendant as an "Ironworker Foreman" in approximately November 2021. (Compl. ¶¶13-14). He worked in this role through September 2025. (Compl. ¶13). Plaintiff was classified as an independent contractor. (Compl. ¶34).

---

[1] For purposes of this Motion only, Defendant will assume that the factual allegations in Plaintiff's Complaint are true.

2

On January 23, 2026, Plaintiff filed this Collective Action Complaint against Defendant, which contained one count for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). Plaintiff filed the Collective Action Complaint on behalf of "[a]ll individuals employed by or working on behalf of Elevated Steel and paid straight time for overtime in the past three (3) years ("Straight Time Workers")" (herein, the "Putative FLSA Collective") (Compl. ¶18). Specifically, Plaintiff claims that he and the Putative FLSA Class were "victimized" by Defendant's uniform pattern, practice, and policy of classifying workers as independent contractors while requiring them to perform work as employees without paying overtime compensation. (Compl. ¶93). Plaintiff claims that he and the Putative FLSA Class were routinely required to work over forty (40) hours per week without overtime pay. (Compl. ¶94).

## ARGUMENT

### I.    Legal Standard

Courts should "construe[] and administer[] [the Federal Rules of Civil Procedure] to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given that mandate, a court has two options when faced with facially deficient allegations in a complaint: (1) it can dismiss the allegations under Rule 12(b)(6); or (2) it can strike any "immaterial, impertinent, or scandalous matter" under Rule 12(f).

3

To survive a motion under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Resnick v. AvMed, Inc.*, 693 F. 3d 1317, 1324-25 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

"Conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2022). For claims under the FLSA, the plaintiff "must show 'as a matter of just and reasonable inference' the amount and extent of [his] work in order to demonstrate that he was inadequately compensated under the FLSA." *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 340 (11th Cir. 2011); *Cooper v. Cmty. Haven for Adults & Child With Disabilities*, No. 8:12-CV-1041-T-33EAJ, 2013 WL 24240, at *9 (M.D. Fla. Jan. 2, 2013).

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Accordingly, where a complaint contains only conclusory allegations and lacks

sufficient factual content to support the asserted claims or class allegations, the Court

should dismiss those claims or strike the improper allegations at the pleading stage.

## II.    Plaintiff Failed to File a Written Consent Form

As a threshold matter, Plaintiff's Collective Complaint should be dismissed

because Plaintiff failed to file his written consent as required under the FLSA.

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employes similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. §216(b); *accord Bennett v. Advanced Cable Contractors, Inc*., 2012 WL

1600443 at *12 (N.D. Ga., 2012). This section is further clarified by §256 of the

Portal-to-Portal Act, which states:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced … under the Fair Labor Standards Act … shall be considered to commence on the date when the complaint is filed; except that in the case of a collective or class action … it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. §256.  In other words, "opt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action." *Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1107 (11th Cir. 1996).

Plaintiff claims his consent to join this action as a party plaintiff was filed with the Court. (Compl. ¶15). It was not.[2] Courts in this circuit have required named plaintiffs to file consents to proceed in collective actions at the motion to dismiss stage. *See Lussi v. Design Build & Engineering, Inc.,* 2010 WL 1571158 (S.D. Fla. 2010); *Lago v. Amoa Constr. Dev. Corp*, 2008 WL 4540062 (S.D. Fla. 2008) (in order for a collective opt-in action brought under the FLSA to commence, each of the plaintiffs must file a written consent); *see also Cameron–Grant v. Maxim Healthcare Servs. Inc.,* 347 F.3d 1240, 1249 (11th Cir. 2003) ("Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent.")

In *Luisi*, the defendants moved to dismiss plaintiffs' FLSA complaint because the plaintiffs did not file written consents. *Lussi*, 2010 WL 1571158 at *1. The plaintiffs responded that consents are not necessary until the court certifies an opt-in class, which had not yet happened. *Id*. The court disagreed with the plaintiffs,

---

[2] The only Notice of Consent filed in this matter was submitted by Gerardo Antonio Morales on March 11, 2026. (DE 15.) Plaintiff Lorenzo Alvarez has not filed a Notice of Consent and therefore has not properly commenced an FLSA collective claim in this action.

noting that the plain language of the statute holds otherwise. *Id*. As a result, the court instructed the plaintiffs to either file written consents or proceed individually and not on behalf of other similarly situated employees. *Id*.

Likewise, in *Poggi v. Humana, Inc.*, 2017 WL 1322487, at *2 (M.D. Fla. Apr. 7, 2017) held that "[a]s Plaintiff has not yet filed a consent to join form, this case is currently proceeding as an individual action against Defendant. As such, Plaintiff's collective action allegations are superfluous at this time." Therefore, Defendant requests that the Collective Complaint be dismissed, or, alternatively, that the Court strike the collective allegations and require Plaintiff to pursue his claims as an individual action.

## III. Plaintiff's Overtime Claims Must be Dismissed for Lack of Specificity.

"To sufficiently plead a failure to pay overtime under the FLSA, a plaintiff must allege either: (1) a specific week in which he worked more than forty hours and was not paid overtime, or (2) the length of his average workweek and the regular rate at which he was paid." *Aldape v. Hallmark Holdings, LLC*, No. 2:24-CV-00387-RDP, 2024 WL 4437131, at *6 (N.D. Ala. Oct. 7, 2024). Plaintiff alleges neither here.

Instead, the Complaint relies entirely on generalized assertions that Plaintiff and the putative collective members were not paid overtime for hours worked in excess of forty per week. (Compl. ¶ 40); *see also* (Compl. ¶ 32) ("At no time during

7

Alvarez's employment with Elevated Steel did [Defendant] pay him overtime compensation for hours worked in excess of forty (40) in a single week."); (Compl. ¶ 81) ("Defendants [sic] uniformly denied Alvarez and Straight Time Workers overtime for the hours they worked in excess of 40 hours in a single workweek."). Notably, none of these allegations identify a single workweek, an approximate number of hours worked, or Plaintiff's regular rate of pay. These conclusory allegations, devoid of any factual detail regarding a specific workweek or average hours worked, are insufficient to state an FLSA overtime claim.

Although the Eleventh Circuit has not issued a published decision squarely addressing the pleading requirements for an FLSA overtime claim, numerous district courts within the circuit have applied a consistent standard requiring more than generalized allegations of overtime work.

For example, in *Beck v. Financial Technology Corp.*, the court dismissed an FLSA overtime claim where the plaintiff alleged only that she "frequently worked in excess of 40 hours per week." 2017 WL 5668388, at *6 (N.D. Ala. Nov. 27, 2017). Similarly, in *Stafflinger v. RTD Constructions, Inc.*, the court dismissed the claim where the plaintiff "never actually allege[d] that he ever worked in excess of 40 hours in a workweek while employed by Defendant." 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016). Likewise, in *St. Croix v. Genentech, Inc.*, the court

8

dismissed the claim where the plaintiff alleged only that "at all material times hereto" she worked more than forty hours per week. 2012 WL 2376668, at *1 (M.D. Fla. June 22, 2012).

Several circuit courts have likewise required plaintiffs to allege more than vague assertions that they "regularly" worked overtime. *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (holding that plaintiffs must allege more than that they "regularly worked in excess of forty hours per week," but noting that plaintiffs may satisfy the standard by estimating the length of their average workweek and their average rate of pay); *Pruell v. Caritas Christi*, 678 F.3d 10, 13–14 (1st Cir. 2012) (holding insufficient allegations that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time"); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114–15 (2d Cir. 2013) (finding insufficient allegations where plaintiffs failed to identify a single workweek in which they worked more than forty hours and were not paid overtime); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013) (finding insufficient allegations that plaintiff worked more than forty hours in "some or all weeks").

In short, to adequately plead an FLSA overtime claim, a plaintiff must allege either a specific week in which he worked more than forty hours without overtime compensation or facts describing the length of his average workweek and rate of pay. Plaintiff's Complaint alleges neither. Because Plaintiff has failed to provide

9

sufficient factual allegations to give Defendant fair notice of the "grounds on which the claim rests," the Complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**IV.    Plaintiff's Collective Action Should be Dismissed Because He Has Failed to Show That He is Similarly Situated As Required Under the FLSA.**

To establish a *prima facie* case for overtime compensation under the FLSA, a plaintiff must first demonstrate an employment relationship with the employer. *See Freeman v. Key Largo Volunteer Fire & Rescue Dept't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012). Assuming *arguendo* that Plaintiff was an employee rather than an independent contractor, he still fails to plead sufficient facts to support an FLSA claim. A plaintiff alleging an overtime violation must show both that he worked unpaid overtime[3] and that the employer knew or should have known of the overtime work. *See White v. Dixie*, 741 F. App'x 649, 661–62 (11th Cir. 2018).

For a collective action, the plaintiff must allege sufficient facts demonstrating that he and the alleged class are similarly situated. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258–59 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). Although the FLSA does not define "similarly situated," the Eleventh Circuit has held that plaintiffs' positions need not be identical, but there must be prospective plaintiffs

---

[3] As to the first element, the FLSA requires employers to provide compensation at 1½ times an employee's regular rate of pay for all hours they are "[e]mployed" over 40 hours in a work week. 29 U.S.C. § 207(a)(1).

similarly situated "with respect to their job requirements and with regard to their pay provisions." *Id.* at 1259 (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)).

Plaintiff's Collective Action Complaint is comprised of general and conclusory allegations. The only relevant comparator allegations in the Complaint include:[4]

1. That "[t]he Putative Collective of similarly situated employees is defined as: All individuals employed by or working on behalf of Elevated Steel and paid straight time for overtime in the past three (3) years. . ." (Compl. ¶18.)

2. That Defendant paid Plaintiff and the similarly situated employees "straight time for overtime in violation of the FLSA." (Compl. ¶102.)

3. That "numerous individuals were victimized by [Defendant's] . . . policy of classifying workers as independent contractors while requiring them to perform work as employees without paying overtime compensation." (Compl. ¶93.)

4. That Defendant's failure to pay Plaintiff and those similarly situated "results from generally applicable, systematic policies and practices[.]" (Compl. ¶97.)

Plaintiff's utter lack of details makes it impossible to determine which employees (or "Straight Time Workers") he is alleging are similarly situated to him. Plaintiff fails to provide a specific job title or position but, rather, uses the generic term "construction workers,"[5] which could encompass many different positions at

---

[4] By stating Plaintiff's allegations in this Motion, Defendant is in no way adopting or admitting to the allegations and reserves the right to refute Plaintiff's allegations in subsequent pleadings and at trial, if necessary.

[5] (Compl. ¶3.)

Defendant. Plaintiff further failed to plead specifics and details necessary to determine whether his straight time for overtime claims were applicable to any other employees. Specifically, Plaintiff provided no indication of the similarly situated employees' roles, titles, pay, locations, or duties, and who from Defendant had knowledge of the alleged illegal practice. These are all details necessary to determine which employees may have been subject to the same alleged practices and conduct that make up the basis for Plaintiff's unpaid overtime claim and, thus, are similarly situated to Plaintiff. Instead, Plaintiff only states that they are all "construction workers" whose "job titles," "job duties" and "locations" may differ, and who were not compensated at rates not less than one and one-half times their regular rates for all hours worked in excess of forty (40) hours per week. (Compl. ¶¶41, 98, 101). In fact, Plaintiff only provides a specific job title for himself—"Ironworker Foreman." (Compl. ¶14).

Courts within this circuit routinely dismiss collective action allegations that fail to plead facts demonstrating other employees are similarly situated. For example, in *Pickering v. Lorillard Tobacco Co., Inc.*, the defendant moved to dismiss the plaintiff's collective action because the complaint failed to identify or describe the alleged similarly situated employees. 2011 WL 111730, at *2 (M.D. Ala. 2011). The court agreed and dismissed the collective action allegations, explaining that the plaintiff's failure to provide job titles or descriptions of the purported employees'

duties lacked the factual specificity required to survive a Rule 12(b)(6) motion. *Id*. Courts in this circuit have repeatedly reached the same conclusion where plaintiffs provide only conclusory allegations about other employees. *See, e.g., Garcia v. Sedanos Market, Inc.*, 2019 WL 13089700, at *3 (S.D. Fla. 2019) (dismissing collective action for failure to demonstrate that prospective plaintiffs were similarly situated); *Diaz v. Garda CL Southeast, Inc.*, 2012 WL 12888565, at *1 (S.D. Fla. 2012) (dismissing collective action component of FLSA claim where the complaint lacked allegations regarding the plaintiff's job description, title, duties, or other facts allowing the court to infer the existence of a similarly situated group); and *Sanchez v. Piripi VMP, LLC*, 2016 WL 950954, at *2 (S.D. Fla. Mar. 7, 2016) (dismissing collective action allegations where the complaint merely stated that other employees were not paid overtime). These decisions make clear that conclusory assertions regarding unnamed employees, without factual allegations describing their roles or circumstances, are insufficient to sustain a collective action claim.

Such vague, conclusory allegations are insufficient to justify this Court and Defendant expending the time and expense required to address Plaintiff's claims for overtime pay under the FLSA on behalf of other unidentified individuals. As the Supreme Court noted in *Bell Atl. Corp. v. Twombly*, when the allegations in a complaint fail to plausibly raise a claim of entitlement to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the

13

parties and the court." 550 U.S. 544, 558 (2007) (cleaned up) (citing 5 Wright & Miller § 1216, at 233-234); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678-9 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") Indeed, the judiciary has enough well-pled claims to address without having to countenance filings, such as this, where plaintiffs do not even bother to give the courts and the defendants adequate notice of the factual basis for their claims.

**V.     The Complaint's Overbroad Definition of "Straight Time Workers" Fails to Plausibly Allege a Similarly Situated Collective.**

For similar reasons discussed above, Plaintiff's conclusory allegations demonstrate on their face that a collective action is inappropriate. Plaintiff's proposed collective definition is overbroad and should be stricken because it is impossible to determine which workers—referred to only as "Straight Time Workers"—are allegedly similarly situated to Plaintiff.

Under Federal Rule of Civil Procedure 12(f), courts have the authority to strike class allegations prior to discovery where the complaint itself demonstrates that a class or collective action cannot be maintained. Here, it is readily apparent from the face of the Complaint that the allegations do not support a collective action as a matter of law.

Plaintiff purports to represent all "Straight Time Workers" who were allegedly denied overtime pay and compensation for all hours worked. However, the Complaint describes this group only in vague, generic terms—such as "construction workers"—

14

without identifying specific job titles, positions, job duties, or pay structures. In contrast, Plaintiff identifies only his own position as "Ironworker Foreman." (Compl. ¶ 98). The Complaint further acknowledges that putative class members consist of workers with varying job titles and duties, and in different projects, with different crews, and across multi-state locations. (Compl. ¶¶41, 98).

Given these allegations, the Complaint provides no factual basis from which the Court could reasonably infer that these individuals are similarly-situated to Plaintiff. To the contrary, the allegations suggest that these workers may hold different titles, perform different duties, work in different locations and states, report through different chains of command, and receive different rates of pay. Such a broad and undefined group cannot plausibly constitute a similarly situated collective.

Accordingly, because the Complaint fails to allege facts demonstrating that Plaintiff is similarly situated to the broadly defined group of "Straight Time Workers," the Court should strike the collective allegations.

### a. In the Alternative, this Court Should Order Plaintiff to Give a more Definite and Precise Statement of the Collective Group Which He Intends to Represent.

If the Court determines that striking Plaintiff's collective action allegations is not appropriate at this stage, it should nevertheless require Plaintiff to provide a more definite statement identifying the collective group he seeks to represent. Plaintiff's

Collective Complaint is vague and, at times, inconsistent regarding the group of current and former workers he purports to represent.

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may move for a more definite statement of a pleading "to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, Defendant employed Plaintiff as an Ironworker Foreman across multiple states. (Compl. ¶ 14). Despite this, Plaintiff seeks to bring an FLSA claim on behalf of all "Straight Time Workers" employed by Defendant during the last three years. Plaintiff provides no meaningful description of this group, which could include workers with different job titles, duties, geographic locations, and pay.

Defendant is entitled to fair notice of the claims asserted against it. However, Plaintiff's vague and conclusory collective allegations make it impossible for Defendant to determine which employees Plaintiff contends are similarly situated or to formulate a meaningful response to the allegations.

Accordingly, if the Court declines to strike Plaintiff's collective allegations, it should order Plaintiff to provide a more definite and precise statement identifying the collective group he seeks to represent. At a minimum, Plaintiff should be required to narrow the proposed collective to individuals, if any, who performed the same or substantially similar duties under similar working conditions as Plaintiff.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests that the Court dismiss Plaintiff's Collective Complaint for failure to state a claim upon which relief can be granted, or, in the alternative, strike Plaintiff's Collective Complaint or require that Plaintiff give a more precise statement of the collective which he intends to represent.

Respectfully submitted this 13th day of March, 2026.

FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
Telephone: 404-888-3800

*s/ Charles W. Hoffman*
Charles W. Hoffman
Georgia Bar No. 165556
choffman@fordharrison.com
Cullan E. Jones (admitted *pro hac vice*)
Florida Bar No. 98615
cjones@fordharrison.com
Melany Hernandez (admitted *pro hac vice*)
Florida Bar No. 1039033
mhernandez@fordharrison.com

*Attorneys for Defendant Elevated Steel, LLC*

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LORENZO ALVAREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>ELEVATED STEEL, LLC,<br><br>    Defendant. | CASE NO. 4:26-CV-00023-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I electronically filed the foregoing

**MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COLLECTIVE**

**ACTION** with the Clerk of Court using the CM/ECF System upon the following

attorney of record:

Julie H. Burke
Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd., SE, Ste. 1050
Atlanta, GA  30339-6406
jb@hkw-law.com

Carl A. Fitz*
Fitz Law PLLC
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
carl@fitz.legal
*Pro hac vice pending

*Attorneys for Plaintiff Lorenzo Alvarez*

18

**FORD & HARRISON LLP**
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
Telephone: 404-888-3800

*s/ Charles W. Hoffman*

Charles W. Hoffman
Georgia Bar No. 165556
choffman@fordharrison.com
Cullan E. Jones *Pro hac vice
Florida Bar No. 98615
cjones@fordharrison.com
Melany Hernandez *Pro hac vice
Florida Bar No. 1039033
mhernandez@fordharrison.com

*Attorneys for Defendant Elevated Steel, LLC*